UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NELSON FERREIRA,

                              Plaintiff,

            -against-

JOHN OR JANE DOE, M.D.;
SUPERINTENDENT, DOWNSTATE
CORRECTIONAL FACILITY,

                              Defendants.

20-CV-10587 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

Plaintiff, currently incarcerated in Bare Hill Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights. By order dated December 29, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1] For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

(2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The complaint contains the following allegations. In December 2019, Plaintiff was incarcerated at Downstate Correctional Facility "for the purposes of reception to the New York State Department of Corrections and Community Supervision." (ECF No. 1, at 5.) Plaintiff was

"forced to go through the medical asses[s]ment process," and was examined in "a curtained

exam room" with "a curtained door," and instructed to remove all his clothing except for his

boxers and socks. (*Id.*) Because the "curtain door" was "left open," the "people that were passing

by" could "see in the exam room" while Plaintiff was undressed and being examined, and other

prisoners "in adjoining rooms" could hear Plaintiff's conversation with the doctor about

Plaintiff's "medical history" and "protected medical information." (*Id.*) The doctor examined

Plaintiff's "eyes, ears, and throat," and listened to Plaintiff's heart, lungs, and chest. The doctor

also had Plaintiff lie down on a table and examined his abdomen and testicles. (*Id.* at 6.)

Plaintiff distinguishes these experiences from medical examinations that he had when he

was not incarcerated. In those situations, the examination was done in a private room, Plaintiff

would be given a gown to wear, and the doctor would examine Plaintiff by moving the gown as

necessary to have access to different parts of Plaintiff's body. Plaintiff alleges that he was "never

informed of his right to refuse the physical examination." (*Id.* at 5.) Plaintiff seeks $125,000 in

damages. (*Id.* at 4.) He names as Defendants a John or Jane Doe doctor, and the Downstate

Correctional Facility superintendent.

## DISCUSSION

### A.     Section 1983 and Personal Involvement

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right

secured by the Constitution or laws of the United States was violated, and (2) the right was

violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487

U.S. 42, 48-49 (1988).

To state a claim under § 1983, a plaintiff must allege facts showing the defendants' direct

and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State

Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that

personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official without relying on a special test for supervisory liability." *Tangreti v. Bachmann*, No. 19-3712, _ F.3d _, 2020 WL 7687688, at *7 (2d Cir. 2020).

Plaintiff names as Defendants two John Doe doctors and the Downstate superintendent, but the complaint does not contain facts showing how these individuals were personally involved in violating his rights. The Court grants Plaintiff leave to amend his complaint to name individual defendants who were personally involved in the events giving rise to this action, and to allege facts suggesting that those individuals violated his constitutional rights.

**B.**     **Privacy Claim**

Plaintiff's assertions concerning the conditions under which he was examined and the disclosure of his confidential medical information implicate his rights under the Fourteenth Amendment Due Process Clause, which, under certain circumstances, protects against the unwanted disclosure of medical information. *See Matson v. Bd. of Educ. of the City Sch. Dist. of N.Y.*, 631 F.3d 57, 63-64 (2d Cir. 2011); *Alsaifullah v. Furco*, No. 12-CV-2907 (ER), 2013 WL 3972514, at **5-8 (S.D.N.Y. Aug. 2, 2013). Although the right to confidentiality is not absolute, courts within this Circuit have accorded constitutional privacy protection to conditions that are "excruciatingly private and intimate in nature," such as HIV status and transsexualism. *See Matson*, 631 F.3d at 64, 69 (holding that fibromyalgia, although a serious condition, was not a

4

fatal disease that "carr[ies] with it the sort of opprobrium that confers upon those who suffer from it a constitutional right of privacy as to that medical condition," and that revealing the condition of fibromyalgia would not "expose a person . . . to discrimination and intolerance"); *Powell v. Schriver*, 175 F.3d 107, 111 (2d Cir. 1999) (holding that protection is generally provided to serious medical conditions that, if disclosed, are likely to provoke hostility and intolerance from others); *Cummings v. Clinton Cnty. Legislature*, No. 14-CV-0281, 2014 WL 4265844, at *3 (N.D.N.Y. Aug. 26, 2014) ("When determining whether a particular condition justifies constitutional protection, courts examine whether the disease is contagious, or attributed to 'socially repugnant' conduct, and whether society as a whole views the disease as 'directly associated with any disease which might conceivably be characterized as loathsome.' . . . In this circuit, courts have accorded constitutional privacy protection only to a handful of medical conditions, including HIV, transsexualism, and sickle cell anemia."). Plaintiff does not allege that he suffers from any such condition; he only describes discussing "medical history" and "protected medical information" with the medical staff.

Plaintiff argues that these discussions and his medical examination should have been conducted in private, as they would have been if he were not incarcerated. But the Constitution does not require that all medical examinations of prisoners be conducted in private. *See, e.g. Rodriguez v. Heit*, No. 16-CV-0706, 2018 WL 3121626, at *6 (N.D.N.Y. Mar. 30, 2018) (correction officer's presence in a prison's medical examination room and a nurse's statements to the correction officer in that room during a prisoner's medical examination did not violate the prisoner's right to privacy), *report & recommendation adopted*, 2018 WL 2316687 (N.D.N.Y. May 22, 2018), *appeal dismissed*, No. 18-2844, 2019 WL 4780772 (2d Cir. Feb. 27, 2019), *cert. denied*, 140 S. Ct. 561 (2019); *Rodriguez v. Ames*, 287 F. Supp. 2d 213, 219 (W.D.N.Y. 2003)

("The Eighth Amendment's right to be free from cruel and unusual punishment does not guarantee that plaintiff will receive any and all medical care in total privacy. . . . [And] [t]he fact that plaintiff's cellmate also was present [for his medical examination] is not sufficiently shocking or egregious as to amount to a constitutional violation [of substantive due process].").

Plaintiff also asserts that he was denied the right to refuse a medical screening. A prisoner's right to refuse medical treatment will not be honored "if legitimate penological interests require the prisoner to be treated." *Pabon v. Wright*, 459 F.3d 241, 252 (2d Cir. 2006). The State of New York has a "compelling interest in administering an effective [medical] screening program." *Jolly v. Coughlin*, 76 F.3d 468, 478 (2d Cir. 1996) (citing *Lareau v. Mason*, 651 F.2d 96, 109 (2d Cir. 1981)). And the Second Circuit has held that a correctional facility's failure to medically screen incoming prisoners violates the federal constitutional rights of those prisoners already held in that facility. *See id.* at 477. Thus, courts have allowed prison officials to conduct mandatory medical screenings. *See Boreland v. Vaughn*, No. 92-CV-0172, 1993 WL 62707, at *4 (E.D. Pa. Mar. 3, 1993), *aff'd*, 22 F.3d 300 (3d Cir. 1994) (table decision).

Some courts have recognized that a prisoner may be exempt from medical screenings when such screenings conflict with the prisoner's religious beliefs. *See Jolly*, 76 F.3d at 474-82 (affirming district court's grant of a prisoner's application for a preliminary injunction arising from his confinement in "medical keeplock" after the prisoner refused tuberculosis screening on religious grounds); *Selah v. Goord*, 255 F. Supp. 2d 42, 52-56 (N.D.N.Y. Apr. 4, 2003) (granting preliminary injunction against a prisoner's confinement in a "tuberculin hold" after the prisoner refused tuberculosis screening on religious grounds ); *Reynolds v. Goord*, 103 F. Supp. 2d 316, 337-45 (S.D.N.Y. 2000) (same).

Plaintiff alleges that prison officials did not inform him of his right to refuse a medical screening. But Plaintiff has articulated no reason, religious or otherwise, why he would have refused medical screening, nor can the Court find any authority for the proposition that prison officials are obliged to inform prisoners that they have a right to refuse a medical screening. Plaintiff simply asserts that if he had known that he could refuse, he would have refused. But that is not a recognized reason for a prisoner to be exempt from medical screening.

### LEAVE TO AMEND

Plaintiff is granted leave to amend his complaint to detail his claims. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a)  give the names and titles of all relevant persons;

b)  describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c)  give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d)  give the location where each relevant event occurred;

e)  describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f)  state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the

original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 20-CV-10587 (LLS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

SO ORDERED.

Dated:      January 22, 2021
            New York, New York

_Louis L. Stanton_
LOUIS L. STANTON
U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

AMENDED
COMPLAINT

under the Civil Rights Act,
42 U.S.C. § 1983

**-against-**

Jury Trial:  ☐ Yes    ☐ No

(check one)

_____

_____

_____    ___ **Civ.** _____ (    )

_____

_____

_____

_____

*(In the space above enter the full name(s) of the defendant(s).  If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names.  The names listed in the above caption must be identical to those contained in Part I.  Addresses should not be included here.)*

I.      **Parties in this complaint:**

A.      List your name, identification number, and the name and address of your current place of confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff's        Name_____
                 ID#_____
                 Current Institution_____
                 Address_____
                 _____

B.      List all defendants' names, positions, places of employment, and the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant  No. 1      Name _____ Shield #_____
                 Where Currently Employed _____
                 Address _____
                 _____

Defendant  No. 2        Name  _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant  No. 3        Name  _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Who did
what?

Defendant  No. 4        Name  _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant  No. 5        Name  _____ Shield #_____

Where Currently Employed _____

Address _____

_____

II.        **Statement of Claim:**

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.        In what institution did the events giving rise to your claim(s) occur?

_____
_____

B.        Where in the institution did the events giving rise to your claim(s) occur?

_____

C.        What date and approximate time did the events giving rise to your claim(s) occur?

_____
_____
_____

D.        Facts:_____

What
happened
to you?

_____
_____
_____

*Rev. 01/2010*                             2

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**Was anyone else involved?**

_____
_____
_____
_____
_____

**Who else saw what happened?**

## III.   Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____
_____
_____
_____

## IV.   Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   Administrative remedies are also known as grievance procedures.

A.      Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

   Yes _____   No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____
_____
_____

B.      Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

        Yes _____    No _____    Do Not Know _____

C.      Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

        Yes _____    No _____    Do Not Know _____

        If YES, which claim(s)?
        _____

D.      Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

        Yes _____    No _____

        If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

        Yes _____    No _____

E.      If you did file a grievance, about the events described in this complaint, where did you file the grievance?
        _____

        1.      Which claim(s) in this complaint did you grieve?
          _____

          _____

        2.      What was the result, if any?
          _____

          _____

        3.      What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.
        _____
        _____
        _____
        _____

F.      If you did not file a grievance:

        1.      If there are any reasons why you did not file a grievance, state them here:
          _____
          _____
          _____

_____
_____
_____

     2.    If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____
_____
_____
_____
_____
_____
_____
_____

Note:    You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

## V.    Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount).  _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

_____

_____

_____

**VI.   Previous lawsuits:**

<table>
<tr><td>On these claims</td></tr>
</table>

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____   No _____

B.   If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

    1.      Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

    2. Court (if federal court, name the district; if state court, name the county) _____
_____

_____ 3.      Docket or Index number _____

_____ 4.      Name of Judge assigned to your case_____

    5.      Approximate date of filing lawsuit _____

    6.      Is the case still pending?  Yes _____   No _____

If NO, give the approximate date of disposition_____

    7.      What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
_____

_____

<table>
<tr><td>On other claims</td></tr>
</table>

C.   Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes _____   No _____

D.   If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

    1.      Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

    2.      Court (if federal court, name the district; if state court, name the county) _____
_____

_____ 3.      Docket or Index number _____

_____ 4.      Name of Judge assigned to your case_____

    5.      Approximate date of filing lawsuit _____

6.        Is the case still pending?  Yes _____   No _____

If NO, give the approximate date of disposition_____

7.        What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?)  _____
_____
_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this _____ day of _____, 20___.

Signature of Plaintiff    _____

Inmate Number    _____

Institution Address    _____

_____

_____

_____

<u>Note</u>:   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:   _____

*Rev. 01/2010*          7